JOURNAL ENTRY AND OPINION
Appellant Mattie Johnson appeals from the Cuyahoga County Court of Common Pleas' decision dismissing her appeal from a binding arbitration decision involving Johnson's employer, appellee MetroHealth Medical Center and Johnson's union, AFSCME Ohio Council 8, Local 3360. The lower court dismissed Johnson's appeal for lack of standing. From that dismissal, Johnson appeals to this court and assigns the following as error for our review:
 THE COURT OF COMMON PLEAS ERRED IN DISMISSING THE APPEAL OF AN ARBITRATION AWARD FOR LACK OF STANDING.
Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
In April 1996, MetroHealth terminated Johnson's employment for violating its attendance policy. At this time a collective bargaining agreement existed between MetroHealth and Johnson's union. Pursuant to that agreement and at Johnson's request, the union filed a grievance against MetroHealth. The named parties in interest were MetroHealth and Johnson's union. An arbitrator ruled MetroHealth wrongfully terminated Johnson, but did not award her back-pay and restored her to a similar position of employment rather than her previous position of employment.
Dissatisfied with the arbitrator's remedy, Johnson appealed to the Cuyahoga County Court of Common Pleas. The common pleas court dismissed Johnson's appeal with the following journal entry:
 [MetroHealth's] Motion to Dismiss * * * is granted, [Johnson] having not been a party to the original action and failing to allege fraud, deceit or failure to properly represent, in her complaint.
This appeal follows.
 When reviewing a motion to dismiss, we must determine whether the plaintiff could recover under any set of facts as pleaded in the complaint.[1] R.C. 2711.10 provides:
 In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:
 (A) The award was procured by corruption, fraud, or undue means.
 (B) There was evidence [sic] partiality or corruption on the part of the arbitrators, or any of them.
 (C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
 (D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. * * *.
This court has addressed the present issue on several occasions.[2]
Our opinions have consistently articulated that generally, an individual employee lacks standing to appeal from binding arbitration where the employee's union and the employer are the sole parties.[3] An exception exists where the individual employee alleges the union breached its duty of fair representation or on grounds of fraud or deceit.[4]
This court's opinion in Stafford v. Greater Cleveland Regional Transit Authority[5] presents a factual situation analogous to the one at hand. In Stafford, the plaintiff appealed an arbitration decision stemming from a collective bargaining agreement.[6] (to the Cuyahoga Court of Common Pleas.) The common pleas court dismissed plaintiff's appeal for, inter alia, lack of standing.[7] Upon appeal to this court, we stated:
 The United States Supreme Court has said that the collective bargaining system subordinates the interests of the individual employee to the collective interests of all employees in the bargaining unit. * * *. The success of the collective bargaining process depends upon the exclusivity of the union's right to represent all employees within its bargaining unit. The establishment of the union as representative necessarily deprives individual employees of the ability to bargain individually.
 This court has held that an individual employee lacks standing to vacate an arbitration award to which his union was a party. See Coleman v. Cleveland City School District (Sept. 4, 1992), Cuyahoga App. No. 62570, unreported. We see no reason to depart from our holding in Coleman. Since Stafford was not a party to the arbitration award, the trial court did not err in finding that he lacked standing to vacate the award. Stafford's first assignment of error is without merit.[8]
Johnson correctly argues that public employees have a statutory right under R.C. 4117.03(A)(5) to present grievances and have them adjusted, without intervention of the bargaining representative, * * *. However, we interpret this right to exist only before the employee invokes union representation. Once the employee chooses union representation, that employee lacks standing on all matters including an appeal.
This conclusion recognizes the necessity of subordinating the individual interests of a complainant to the collective good of a greater body. A union is no more than its members. By choosing to pursue this matter with the benefit of union representation under the collective bargaining agreement Johnson sacrificed her right as a party in interest, and the union obtained the right to pursue this matter for the benefit of all employees under the collective bargaining agreement. Johnson's union, not Johnson, was the sole party in interest adverse to MetroHealth.
This conclusion further recognizes a distinction between a party in interest and an interested party. Clearly Johnson remained interested in the arbitration decision; however, when she asked for her union's help, she called upon the collective power of her fellow members, and ceased to stand alone. The necessary and just price paid by Johnson was subordination of her individual rights to those of her fellow union members. Accordingly, we extend our decision in Stafford and Coleman to the case at hand.
Further, Johnson's application to vacate the arbitration award focuses solely on the propriety of the arbitrator's decision; Johnson failed to allege that her union breached its duty of proper representation or committed fraud or deceit in representing her. Consequently, Johnson's assigned error is without merit.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., and TERRENCE O'DONNELL, J. CONCUR.
[1] Tulloh v. Goodyear Atomic Corp. (1992), 62 Ohio St.3d 541,544, 584 N.E.2d 729.
[2] E.g., Coleman v. Cleveland Sch. Dist., 2001 Ohio App. LEXIS 3226 (July 19, 2001), Cuyahoga App. No. 78464, unreported, Stafford v. Greater Cleveland Regional Transit Auth., 1993 Ohio App. LEXIS 6194 (Dec. 23, 1993), Cuyahoga App. Nos. 63663 and 65530, unreported, Coleman v. Cleveland City Sch. Dist., 1992 Ohio App. LEXIS 4602 (Sept. 4, 1992), Cuyahoga App. No. 62570.
[3] Stafford, supra, citing Coleman v. Cleveland City Sch. Dist., 1992 Ohio App. LEXIS 4602 (Sept. 4, 1992), Cuyahoga App. No. 62570; Coleman v. Cleveland Sch. Dist., 2001 Ohio App. LEXIS 3226 (July 19, 2001), Cuyahoga App. No. 78464, unreported.
[4] Wilson v. Toledo Bd. of Ed., 1986 Ohio App. LEXIS 8731 (Oct. 17, 1986), Lucas App. No. C. A. L-85-425. See, also, Coleman v. Cleveland City Sch. Dist., 1992 Ohio App. LEXIS 4602 (Sept. 4, 1992), Cuyahoga App. No. 62570.
[5] 1993 Ohio App. LEXIS 6194 (Dec. 23, 1993), Cuyahoga App. Nos. 63663 and 65530.
[6] Id.
[7] Id.
[8] Id. at 12-13. Internal citations omitted.